The court incorporates by reference in this paragraph and adopts as the findings and analysis of this court the document set forth below. This document has been entered electronically in the record of the United States Bankruptcy Court for the Northern District of Ohio.



Dated: March 12 2012

Mary Ann Whipple
United States Bankruptcy Judge

# UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF OHIO
## WESTERN DIVISION

| | | |
|---|---|---|
| In Re: | ) | Case No. 12-30231 |
| | ) | |
| Quintina Hardy, | ) | Chapter 7 |
| | ) | |
| Debtor(s). | ) | |
| | ) | JUDGE MARY ANN WHIPPLE |

### MEMORANDUM OF DECISION RE MOTION TO DISMISS

This case came before the court for hearing on the Debtor's voluntary Motion to Dismiss [Doc. # 10] ("Motion"). The Motion was set for hearing to occur on March 6, 2012, by a court order entered on February 1, 2012. [Doc. # 12]. The order required Debtor to appear in person at the hearing and file her schedules, statement of affairs and all related documents beforehand, by February 22, 2012. The order was mailed to the address Debtor provided in her petition and has not been returned to the court. Debtor did not file the documents she was ordered to file and did not appear at the March 6 hearing. Nevertheless, for the following reasons and those articulated at the hearing, the Motion will be granted, albeit the dismissal will be with prejudice as explained below.

Debtor is representing herself in this Chapter 7 case. She filed her Chapter 7 petition on January 24, 2012. She commenced the case as a "bare bones" case without filing most of the schedules and other documents required to proceed. She only identified one creditor on her bare bones filing, that being "Pioneer Credit Recover [sic], 26 Edward St. Arcade, NY 14009, with a claim amount of $9,850.77 that was not identified as being contingent, unliquidated or disputed. [Doc. # 1, p. 9/10]. The missing documents required

to proceed with her case were due by February 7, 2012. Fed. R. Bankr. P. 1007(b)(1), (c). One week after she filed the case, on January 31, 2012, Debtor filed the Motion, which does not state any basis or cause for the requested dismissal.

Debtors in Chapter 7 cases do not have the automatic right to dismiss a Chapter 7 case. Dismissal of a Chapter 7 case under Section 707(a) is only "for cause." 11 U.S.C. § 707(a). This provision stands in meaningful and marked contrast to the liberal voluntary dismissal provision applicable to Chapter 13 cases, which states that "[o]n request of the debtor at any time...the court shall dismiss a case under this chapter." 11 U.S.C. § 1307(b). In the view of most courts, including this one, a Chapter 7 debtor may not "automatically" dismiss a case on request under § 707(a). *In re MacDonald*, 73 B.R. 254, 256 (Bankr. N.D. Ohio 1987). Courts routinely deny a debtor's request to voluntarily dismiss a Chapter 7 case where creditors have been or will be prejudiced by the dismissal. *See, e.g.*, *MacDonald*, 73 B.R. at 256; *In re Banks*, 35 B.R. 59, 60-61 (Bankr. D. Md. 1983). Courts have also denied a debtor's request to voluntarily dismiss a case when property has been or will be obtained by the Trustee that will satisfy at least part of the debtor's obligations. *See e.g.*, *In re Klein*, 39 B.R. 530 (Bankr. E.D. N.Y. 1984) (debtor's reason for dismissal was settlement of pending lawsuit, which court rejected); *In re Blackmon*, 3 B.R. 167 (Bankr. S.D. Ohio 1980). As the court noted in *Blackmon*, a debtor who chooses to place oneself in bankruptcy may not always choose to terminate the proceedings, even if unforeseen consequences arise. *Id.* at 169.

Given the foregoing standards for voluntary dismissal, and with Debtor having stated no cause for dismissal in her Motion and presented a bare bones filing, the court's order setting the Motion for hearing stated the following:

> [T]he purpose of this order is to advise Debtor that she must still file her bankruptcy schedules, means test, statement of affairs and other documents required in this case. These filings are required in order for the court and parties in interest to evaluate her motion to dismiss and whether there is cause for dismissal, whether there are assets available to distribute to creditors, whether creditor(s) (only one is listed) will be prejudiced by the requested voluntary dismissal and whether the dismissal should be with or without prejudice as provided under 11 U.S.C. § 349(a). Given the lack of a filed record, creditors and other parties in interest, including the Chapter 7 Trustee, are effectively precluded from filing a meaningful objection to the Motion to Dismiss.

[Doc. #12]. The court's order therefore required Debtor to file all the required documents to proceed with her case by February 22, 2012, and in bold letters ordered her to appear in person at the hearing. She did neither.

The interplay of several sections of the Bankruptcy Code guides the court's decision in this case. As already noted above, under 11 U.S.C. § 707(a), a court may dismiss a Chapter 7 case "after notice and

2

a hearing and only for cause. . . . " . The Sixth Circuit Court of Appeals has found in the context of involuntary dismissal that a lack of good faith is a valid basis of decision in a "for cause" dismissal by a bankruptcy court, agreeing that although not explicitly stated in the statute, good faith "is inherent in the purposes of bankruptcy relief." *Indus. Ins. Servs. Inc. v. Zick (In re Zick)*, 931 F.2d 1124, 1127, 1129 (6th Cir. 1991). The court observed in *Zick* that "'[t]he facts required to mandate dismissal based upon a lack of good faith are as varied as the number of cases" but that such a dismissal should be confined to "egregious cases." *Id.*; *In re Weeks*, 306 B.R. 587, 590 (E.D. Mich. 2004) (stating that dismissal for lack of good faith "may only be utilized in egregious cases where the debtors motives are clearly inconsistent with the established purpose of the Bankruptcy Code").

Section 349(a) of the Bankruptcy Code in turn provides as follows:

Unless the court, for cause, orders otherwise, the dismissal of a case under this title does not bar the discharge, in a later case under this title, of debts that were dischargeable in the case dismissed; nor does the dismissal of a case under this title prejudice the debtor with regard to the filing of a subsequent petition under this title, except as provided in section 109(g) of this title.

The phrase "[u]nless the court, for cause, orders otherwise" in § 349(a) authorizes a bankruptcy court to order that the dismissal of a case bars the later discharge of any debts that were dischargeable in the case dismissed. *Tidewater Fin. Co. v. Williams*, 498 F.3d 249, 259 (4th Cir. 2007); *Leavitt v. Soto (In re Leavitt)*, 171 F.3d 1219, 1223-24 (9th Cir. 1999); *Dietrich v. Nob-Hill Stadium Prop.*, No. 05-2255, 2007 WL 579547, *5 (6th Cir. Feb. 15, 2007). Although not specifically defined in the Bankruptcy Code, courts have generally considered "cause" under § 349 to include bad faith based on egregious behavior, contumacious actions, or abuse of the bankruptcy process. *See In re Klein,* 431 B.R. 726, 736-37 (B.A.P. 6th Cir. 2010); *Leavitt*, 171 F.3d at 1224; *Colonial Auto Center v. Tomlin (In re Tomlin)*, 105 F.3d 933, 937 (4th Cir. 1997); *In re Hall*, 258 B.R. 908, 911 (Bankr. N.D. Ind. 2001); *In re Covino*, 245 B.R. 162, 169-70 (Bankr. D. Idaho 2000) (finding that egregious behavior includes behavior "so obviously inconsistent with what is right or proper as to appear to be a flouting of law or morality").

Further authority for a dismissal that bars a later discharge of dischargeable debts in the earlier case arises under 11 U.S.C. § 105(a), which empowers a court to take any action or make any determination necessary or appropriate to prevent an abuse of process. *See In re Robinson*, 198 B.R. 1017, 1022-23 (Bankr. N.D. Ga. 1996); *cf. Simon v. Amir (In re Amir)*, 436 B.R. 1 (B.A.P. 6th Cir. 2010) (holding that bankruptcy courts have the authority to waive certain filing requirements if enforcing those requirements would create an abuse of the bankruptcy process); *cf. In re Klein,* 431 B.R. at 736-37.

3

Applying the foregoing principles to the facts in this case, the court finds Debtor's overall actions and omissions sufficiently egregious to warrant a dismissal of her case with prejudice, such prejudice being that Debtor may not file another case under any chapter of the Bankruptcy Code for 180 days and may not discharge in any later Chapter 7 case the debt she listed in this case. The court's findings and conclusions are based on the totality of the circumstances in this case. Specifically:

- Debtor filed this case obtaining IFP status, which appeared warranted from the application, but therefore meant did not have to pay anything to obtain the benefit of the automatic stay.
- The case was commenced as a bare bones case without any of the documents required to proceed.
- Debtor did not establish her eligibility to be a debtor under § 109(h), never having participated in pre-petition credit counseling or filed a separate motion to excuse her from the credit counseling requirement, with her stated reason for non-compliance failing to demonstrate exigent circumstances. [Doc. # 1, pp.4-5/10].
- Debtor immediately sought dismissal within a week of filing her case, stating no cause therefore.
- Debtor disobeyed the court's order to file documents and appear at the hearing.
- The Clerk's records show that she is not eligible for relief under Chapter 7, having received a discharge in an asset Chapter 7 case filed in this court on October 6, 2005, in the days immediately preceding the October 17, 2005, effective date of the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005, within 8 years before the instant case. *See* Case No. 05-72072; 11 U.S.C. § 727(a)(8). That prior case was required to be disclosed on page 2 of her petition in this case, which was signed under penalties of perjury, and was not.

The issues of administration of assets by a trustee, like the tax refunds that were administered in her prior case and that are often an issue in January Chapter 7 filings, and a debtor's entitlement to a discharge are distinct. Even where a Chapter 7 debtor is not eligible for discharge, if assets are available for distribution such that a dismissal would prejudice creditors, dismissal will ordinarily be denied. *See Amir*, 436 B.R. at 16. Debtor's refusal to file her schedules and statement of affairs even after a court order to do so have deprived the Chapter 7 Trustee and the court of a resource to determine whether there are assets to distribute to the one creditor she listed, regardless whether she is entitled to a discharge in this case. Other grounds for denial of discharge under another section of 11 U.S.C. § 727(a) with a more lasting impact than denial under § 727(a)(8), *cf.* 11 U.S.C. 523(a)(10), may also have been discovered through a complete case filing.

The court infers from the foregoing that Debtor's failure to make any attempt to prosecute this case

4

was intentional from the outset and concludes that the case was commenced in bad faith only to obtain the short term benefit of the automatic stay without cost and effort against the one creditor she identified in her bare bones filing. Debtor has because of due process enjoyed for nearly two months the benefits of the automatic stay in a case where she has done nothing to proceed properly and where she has made a false oath by failing to disclose required information about her prior case that would reveal her ineligibility for a discharge in this case. *See In re Norton*, 319 B.R. at 683-84 (stating that a creditor is prejudiced when a creditor is denied the opportunity to exercise its contractual rights because of the automatic stay and that use of the stay as a sword against its creditors is not the purpose of § 362). More importantly, Debtor has deprived the court and the Trustee of the ability to determine whether there would be assets available to administer.

The prejudicial impact of Debtor's conduct extends beyond her creditors to the bankruptcy system. In this court's experience since amendment of the Bankruptcy Code in 2005 extending the waiting period between Chapter 7 discharges from six to eight years, Debtor's conduct has been atypical compared to other debtors in the similar situation of having filed a Chapter 7 case when still ineligible for a discharge. *Cf. Marrama v. Citizens Bank of Mass.*, 549 U.S. 365, 375, n.11 (2007)(in another procedural context under the Bankruptcy Code, the Supreme Court notes the "atypical" nature of a debtor's conduct as a factor in addressing what conduct might constitute bad faith). In contrast to what has occurred here, other debtors have generally reinforced by their subsequent actions the inevitable assertion that the subsequent filing was a simple mistake. The multiplication of effort by the court and the prevention of Trustee administration that Debtor has intentionally engendered demonstrates not an innocent mistake but abuse of the system that also necessitates a sanction.

The court concludes that Debtor's filing of this case without disclosing her prior bankruptcy case, together with her refusal to rectify the failure to disclose and her contumacious conduct in disobeying a court order and in refusing to meet her obligations under the Bankruptcy Code and Federal Rules of Bankruptcy Procedure, constitutes bad faith and an abuse of the bankruptcy process and is cause for dismissal with prejudice, *See In re Singer*, No. 00-08620-6B3, 2001 WL 1825791, *3, 2001 Bankr. LEXIS 2044, *6-8 (Bankr. M.D. Fla. Aug. 1, 2001) (finding cause for dismissal with a concurrent bar to discharge of all debts existing at the time of filing where the debtor sought the benefits of bankruptcy but intentionally failed to fulfill her obligations and duties under the Bankruptcy Code); *In re Ladd*, 82 B.R. 476 (Bankr. N.D. Ind. 1988) (finding that debtor's failure to appear at three separate meetings of creditors demonstrates sufficient delay and contumacious conduct to justify dismissal with prejudice). As Debtor was notified in

the court's February 1, 2012, order:

> If Debtor does not obey this court order and file these documents, the court will then further evaluate an appropriate response, which could include civil contempt proceedings, denial of the motion to dismiss, *sua sponte* initiation of Bankruptcy Rule 9011 sanction proceedings, and/or making any dismissal with prejudice to either future bankruptcy filings or to discharge/dischargeability of the debt of Pioneer Credit Recovery, Inc.

The court will make the dismissal "with prejudice" (1) under § 109(g) by prohibiting a bankruptcy filing by Debtor under any chapter of the Bankruptcy Code, Title 11, for a period of 180 days from the entry of the order of dismissal due to Debtor's willful failure to abide by the February 1, 2012, court order and appear in proper prosecution of her case and (2) under § 349(a) by prohibiting the discharge of the debt owed to Pioneer Credit Recovery, Inc. in any subsequent Chapter 7 case filed in any court at any time.[1]

The court will enter a separate order of dismissal in accordance with this memorandum of decision.

---

[1] The order of dismissal does not preclude relief as to the Pioneer Credit Recovery debt in any Chapter 13 case filed after the 180 day filing ban expires.